**UNITED  STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

<table>
<tr><td></td><td></td></tr>
</table>

|  |  |
|---|---|
| **DANA EMMITT STEADMAN** | FILED |
| *Plaintiff* | JAMES J. VILT JR., CLERK<br>U.S. DISTRICT COURT<br>W/D OF KENTUCKY |
| v. | Date: _____ Jul 15, 2026 _____ |
| **KENTUCKY STATE POLICE, et al.** | **Civil Action No. 1:26-cv-00069-GNS** |
| `Defendants` | |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
KENTUCKY STATE POLICE'S MOTION TO DISMISS**

Plaintiff Dana Emmitt Steadman, a/k/a Dana Emmitt Hall, proceeding pro se, respectfully submits this Response in Opposition to Defendant Kentucky State Police's Motion to Dismiss and states as follows:

I. INTRODUCTION

The Kentucky State Police ("KSP") seeks dismissal of Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. KSP argues that sovereign immunity bars Plaintiff's claims, that KSP is not a "person" under 42 U.S.C. § 1983, that Plaintiff's claims are barred by the statute of limitations, and that Plaintiff has failed to state a claim.

Plaintiff respectfully submits that dismissal is not warranted at this stage because the Amended Complaint contains factual allegations regarding KSP's participation in the seizure of Plaintiff's property, and because Plaintiff should be permitted to supplement and amend her pleadings if the Court determines additional specificity is required.

II. FACTUAL BACKGROUND

Plaintiff was a licensed Kentucky hemp farmer and business owner operating in compliance with Kentucky's hemp program and federal hemp law.

On June 11, 2020, officers of the Kentucky State Police, together with representatives of the Kentucky Department of Agriculture and the Barren County Sheriff's Office, executed a search warrant at Plaintiff's farm and seized approximately 350 pounds of hemp.

Prior to the seizure, Plaintiff possessed Certificates of Analysis ("COAs"), hemp licensing records, and other documentation demonstrating that the crop constituted lawful hemp under applicable law.

Plaintiff informed officers at the scene that the material being seized was hemp rather than marijuana and objected to the seizure. Plaintiff further provided information regarding federal hemp protections and her licensing status.

Despite these facts, the seizure proceeded.

Plaintiff alleges that the seizure caused substantial economic damages, loss of inventory, loss of business opportunities, reputational harm, and continuing injury that has affected Plaintiff's business operations for years thereafter.

III. STANDARD OF REVIEW

A complaint survives a Rule 12(b)(6) motion when it contains sufficient factual matter, accepted as true, to state a claim that is plausible on its face.

When evaluating a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe all reasonable inferences in favor of the non-moving party.

Because Plaintiff is proceeding pro se, her pleadings must be liberally construed.

IV. ARGUMENT

A. Plaintiff Has Alleged Specific Facts Regarding KSP's Involvement

KSP argues that the Amended Complaint fails to identify wrongdoing by KSP.

However, Plaintiff specifically alleges that Detective Robert Walker participated in obtaining and executing the warrant and that KSP officers participated in the seizure of Plaintiff's hemp.

Plaintiff further alleges that KSP officers were informed that the material constituted lawful hemp and that supporting documentation existed demonstrating compliance with hemp regulations.

These allegations are factual allegations rather than mere legal conclusions.

At the pleading stage, Plaintiff is not required to prove her claims but only to allege facts that plausibly support relief.

B. Discovery Is Necessary Before Dismissal

Much of the evidence concerning the conduct of KSP officers remains in Defendants' possession, including:

• investigative reports;

• communications between agencies;

• evidence logs;

• body-camera recordings;

• warrant-related materials; and

• records concerning the handling and disposition of seized property.

Discovery is necessary to determine the full extent of KSP's involvement and the basis for the seizure.

Dismissal before discovery would unfairly prevent Plaintiff from obtaining evidence directly relevant to her claims.

C. Plaintiff Requests Leave to Amend If Necessary

If the Court determines that additional factual allegations are required, Plaintiff respectfully requests leave to file a Second Amended Complaint pursuant to Rule 15(a).

Plaintiff has gathered additional evidence, including video recordings, Certificates of Analysis, licensing records, and other exhibits that further support her claims.

Justice favors allowing amendment rather than dismissal of a pro se litigant's claims.

V. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court deny Kentucky State Police's Motion to Dismiss.

In the alternative, should the Court determine that any claim has been insufficiently pled, Plaintiff respectfully requests leave to file a Second Amended Complaint and supplement the record with additional exhibits and evidence.

Respectfully submitted,

/s/ Dana Emmitt Steadman

Dana Emmitt Steadman
a/k/a Dana Emmitt Hall

Plaintiff, Pro Se

2820 Bon Ayr Road

Park City, Kentucky 42160

270-670-4000

Dana52171@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response in Opposition was filed through the Court's CM/ECF system and served upon all counsel of record on this 22 day of. June, 2026.

**Dana Emmitt Steadman**
**Plaintiff, Pro Se**
**2820 Bon Ayr Road**
**Park City, KY 42160**
**270-670-4000**
**Dana52171@gmail.com**