UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

FILED

JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____ Jul 15, 2026 _____

**DANA EMMITT STEADMAN**

*Plaintiff*

v.

**Civil Action No. 1:26-cv-00069-GNS**

**KENTUCKY STATE POLICE, et al.**

`Defendants`

---

### PLAINTIFF'S RESPONSE IN OPPOSITION TO BARREN COUNTY SHERIFF'S OFFICE MOTION TO DISMISS

Plaintiff Dana Emmitt Steadman proceeding pro se, respectfully submits this response in opposition to Defendant Barren County Office's Motion to Dismiss.

## I. INTRODUCTION

Defendant seeks dismissal with prejudice at the pleading stage before discovery has commenced. Plaintiff respectfully submits that dismissal with prejudice is inappropriate because the Court must accept the factual allegations of the Amended Complaint as true and construe those allegations liberally in favor of a pro se litigant.

Plaintiff alleges that Defendants participated in the execution of a warrant and seizure of approximately 350 pounds of hemp that Plaintiff alleges was lawfully cultivated, tested, and possessed under Kentucky's hemp program and applicable federal law. Plaintiff further alleges that these actions caused substantial financial loss, business interruption, reputational harm, and continuing injury.

## II. STANDARD OF REVIEW

When considering a motion under Rule 12(b)(6), the Court must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Because Plaintiff is proceeding pro se, her pleadings should be liberally construed.

## III. ARGUMENT

### A. Dismissal With Prejudice Is Not Warranted.

Defendant seeks dismissal with prejudice before discovery has begun.

No discovery has occurred. Plaintiff has not had access to reports, communications, body-camera footage, training materials, investigative records, or other evidence in Defendants' possession.

Even if the Court concludes that additional factual allegations are required, amendment rather than dismissal with prejudice is the appropriate remedy.

B. Plaintiff Has Alleged Participation In The Challenged Conduct.

The Amended Complaint alleges that county personnel participated in the execution of the warrant and seizure of Plaintiff's property.

At this stage, Plaintiff is not required to prove her claims. Plaintiff need only allege sufficient facts to place Defendant on notice of the claims being asserted.

Whether the seizure was lawful, whether the hemp complied with applicable law, whether officers acted reasonably, and whether constitutional violations occurred are factual issues that should not be resolved on a motion to dismiss.

## C. Defendant's Memorandum Recognizes The Case Involves Plaintiff's Legal Hemp.

Defendant's memorandum states that "the only factual allegations asserted against Barren County are that it assisted in and carried out the execution of a warrant and that it seized Plaintiff's legal hemp."

While Defendant disputes liability, Defendant's own description of the allegations recognizes that the property at issue was Plaintiff's legal hemp. Plaintiff has consistently alleged that she was operating within Kentucky's hemp program, possessed hemp-related documentation, and informed officers that the material was lawful hemp.

At the pleading stage, these allegations must be accepted as true.

## D. Discovery Is Necessary.

Discovery is necessary regarding:

Communications among the Barren County Sheriff's Office, Kentucky State Police, and Kentucky Department of Agriculture;
Reports and investigative records relating to the seizure;
Body-camera footage and recordings;
Training materials concerning hemp enforcement;
Documentation concerning the classification and testing of Plaintiff's hemp.

These factual issues cannot be fairly resolved prior to discovery.

## E. Leave To Amend Should Be Granted If Necessary.

Defendant argues that the Barren County Sheriff's Office is not a legal entity capable of being sued.

If the Court agrees with Defendant on that issue, Plaintiff respectfully requests leave to amend and substitute any proper county entity and/or county officials rather than dismissal with prejudice.

Federal Rule of Civil Procedure 15 favors amendment when justice so requires.

Plaintiff specifically objects to Defendant's request for dismissal with prejudice and respectfully requests leave to amend should the Court determine that any claim, party, or allegation has been improperly pleaded.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

Deny Defendant's Motion to Dismiss;
Deny Defendant's request for dismissal with prejudice;
Permit discovery to proceed;
Alternatively grant Plaintiff leave to file a Second Amended Complaint and substitute any proper county entity or officials; and

Grant all further relief to which Plaintiff may be entitled.

Respectfully submitted,

**Dana Emmitt Steadman**
**Plaintiff, Pro Se**
**2820 Bon Ayr Road**
**Park City, KY 42160**
**270-670-4000**
**Dana52171@gmail.com**

## CERTIFICATE OF SERVICE

**I hereby certify that a true and correct copy of the foregoing Plaintiff's Response in Opposition to Barren County Sheriff's Office Motion to Dismiss was served on all counsel of record on this 10 day of June, 2026, through the Court's CM/ECF system and/or by United States Mail.**

**Dana Emmitt Steadman**
**Plaintiff, Pro Se**