**UNITED  STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____Jul 15, 2026_____

**DANA EMMITT STEADMAN**

  *Plaintiff*

v.

**Civil Action No. 1:26-cv-00069-GNS**

**KENTUCKY STATE POLICE, et al.**

  `*Defendants*

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO KENTUCKY DEPARTMENT OF AGRICULTURE DEFENDANTS' MOTION TO DISMISS**

Plaintiff Dana Emmitt Steadman, proceeding pro se, respectfully submits this Response in Opposition to the Motion to Dismiss filed by the Kentucky Department of Agriculture ("KDA"), Jonathan Shell, Ryan Quarles, and Doris Hamilton.

## I. INTRODUCTION

The KDA Defendants seek dismissal at the pleading stage before discovery has commenced. In doing so, they ask the Court to resolve disputed factual issues and draw inferences against Plaintiff. At this stage, however, the Court must accept Plaintiff's factual allegations as true and construe them in the light most favorable to Plaintiff.

Plaintiff alleges that she was a licensed participant in Kentucky's hemp program, that KDA possessed records concerning her licensing and compliance, that KDA had knowledge of her lawful hemp operation and testing, and that KDA personnel were involved in or present during the events that resulted in the seizure of approximately 350 pounds of hemp.

The KDA Defendants' own memorandum acknowledges that Plaintiff alleged KDA had prior knowledge of her lawful hemp operation and testing. These allegations are sufficient to survive dismissal and warrant discovery.

## II. STANDARD OF REVIEW

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations of the complaint as true and draw reasonable inferences in favor of the plaintiff. Because Plaintiff proceeds pro se, her pleadings should be liberally construed.

## III. ARGUMENT

### A. Plaintiff Has Plausibly Alleged KDA Knowledge and Involvement.

KDA argues that Plaintiff has not identified sufficient facts regarding the conduct of KDA officials. Plaintiff disagrees.

Plaintiff alleges that:

She was licensed through Kentucky's hemp program;
KDA possessed licensing information concerning her operation;
KDA possessed or had access to testing information and Certificates of Analysis;
KDA had prior knowledge of Plaintiff's lawful hemp operation and testing;
KDA personnel were present during or involved in the events leading to the seizure.

Importantly, the KDA Defendants acknowledge in their memorandum that Plaintiff alleged KDA had prior knowledge of her lawful hemp operation and testing. At the pleading stage, these allegations must be accepted as true.

### B. Discovery Is Necessary.

Many facts regarding KDA's involvement remain exclusively within Defendants' possession.

Discovery is necessary to determine:

Which KDA personnel participated in the investigation;
What licensing and compliance information KDA possessed;
What communications occurred between KDA and law enforcement agencies;
Whether KDA personnel knew Plaintiff's crop qualified as lawful hemp;
What actions KDA personnel took before, during, and after the seizure.

Dismissal prior to discovery would prevent Plaintiff from obtaining evidence necessary to fully develop these issues.

### C. KDA's Motion Improperly Seeks Resolution of Factual Disputes.

KDA's motion repeatedly attempts to characterize Plaintiff's allegations as insufficient while simultaneously disputing the significance of KDA's knowledge.

Whether KDA personnel possessed knowledge of Plaintiff's lawful hemp operation, whether they participated in the events at issue, and whether they failed to act despite that knowledge are factual matters that should not be resolved on a Rule 12(b)(6) motion.

**D. Leave to Amend Should Be Granted if Necessary.**

Plaintiff respectfully requests that, if the Court determines additional factual specificity is required regarding any Defendant, Plaintiff be granted leave to amend.

Plaintiff is proceeding pro se, discovery has not commenced, and amendment is favored under Federal Rule of Civil Procedure 15.

Plaintiff specifically objects to any request for dismissal with prejudice and requests leave to amend rather than permanent dismissal.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

Deny the KDA Defendants' Motion to Dismiss;
Permit discovery to proceed;
Grant Plaintiff leave to amend if the Court determines further factual detail is necessary; and
Grant all other relief to which Plaintiff may be entitled.Respectfully submitted,

**Dana Emmitt Steadman**
**Plaintiff, Pro Se**
**2820 Bon Ayr Road**
**Park City, KY 42160**
**270-670-4000**
**Dana52171@gmail.com**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Motion was filed through the Court's CM/ECF system and served upon all counsel of record.
**Dana Emmitt Steadman**
**Plaintiff, Pro Se**