**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

```
                                        FILED
                             JAMES J. VILT JR., CLERK
                               U.S. DISTRICT COURT
                                 W/D OF KENTUCKY

                             Date: _____ Jul 15, 2026 _____
```

**DANA EMMITT STEADMAN**

    *Plaintiff*

v.                                                  **Civil Action No. 1:26-cv-00069-GNS**

**KENTUCKY STATE POLICE, et al.**

    `Defendants*

---

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ROBERT WALKER'S MOTION TO DISMISS

Plaintiff Dana Emmitt Steadman, proceeding pro se, respectfully submits this Response in Opposition to Defendant Robert Walker's Motion to Dismiss and states as follows:

I. INTRODUCTION

Defendant Robert Walker asks this Court to dismiss Plaintiff's claims at the pleading stage. The Motion should be denied because Plaintiff has alleged sufficient facts to state plausible claims under 42 U.S.C. § 1983 arising from the seizure of approximately 350 pounds of federally lawful hemp from Plaintiff's licensed hemp operation.

At this stage, the Court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Plaintiff has alleged that Defendant Walker personally participated in obtaining and executing the warrant that resulted in the seizure of lawful hemp despite the existence of licenses, compliance records, and Certificates of Analysis demonstrating that Plaintiff was operating within applicable hemp laws.

The Motion improperly attempts to resolve disputed factual issues before discovery and seeks dismissal based upon defenses that are not conclusively established from the face of the Complaint.

II. FACTUAL BACKGROUND

Plaintiff was a licensed Kentucky hemp producer operating pursuant to federal and state hemp laws.

Prior to the June 11, 2020 seizure, Plaintiff had obtained Certificates of Analysis demonstrating compliance with applicable THC limits and had provided compliance documentation to government officials.

On June 11, 2020, Kentucky State Police, representatives of the Kentucky Department of Agriculture, and members of the Barren County Sheriff's Office participated in the execution of a warrant and seizure of Plaintiff's hemp.

Plaintiff alleges that Defendant Walker personally participated in obtaining and executing the warrant that led to the seizure.

Plaintiff further alleges that the seized material was lawful hemp rather than illegal marijuana and that Defendants either knew or should have known that Plaintiff was operating as a licensed hemp producer.

As a result of the seizure and related governmental actions, Plaintiff suffered loss of property, loss of business opportunities, reputational damage, loss of customers, loss of income, and continuing interference with business operations.

III. LEGAL STANDARD

A motion under Rule 12(b)(6) tests the sufficiency of the pleadings, not the ultimate merits of the case.

To survive dismissal, a complaint need only contain sufficient factual allegations to state a claim that is plausible on its face. All factual allegations must be accepted as true and construed in the light most favorable to the plaintiff.

Because Plaintiff is proceeding pro se, her pleadings are entitled to liberal construction.

IV. ARGUMENT

A. PLAINTIFF HAS SUFFICIENTLY ALLEGED PERSONAL INVOLVEMENT BY DEFENDANT WALKER

Defendant Walker argues that Plaintiff has not sufficiently alleged his personal involvement.

The Amended Complaint specifically alleges that Defendant Walker participated in obtaining and executing the warrant that resulted in the seizure of Plaintiff's property.

Personal participation in obtaining and executing a warrant is sufficient to support individual liability under Section 1983 where constitutional violations are alleged.

Discovery has not yet occurred. Plaintiff has not had an opportunity to obtain the warrant application, supporting affidavits, communications between agencies, investigative reports, laboratory records, or other materials necessary to determine the full extent of Defendant Walker's involvement.

At the pleading stage, Plaintiff is not required to prove her claims. She is only required to allege facts that make relief plausible, which she has done.

B. DEFENDANT WALKER IS NOT ENTITLED TO SOVEREIGN IMMUNITY TO THE EXTENT HE IS SUED IN HIS INDIVIDUAL CAPACITY

Defendant Walker assumes that all claims against him are asserted only in his official capacity.

Plaintiff disputes that characterization.

The Amended Complaint names Defendant Robert Walker individually and alleges his personal participation in the events at issue.

To the extent the Court finds any ambiguity regarding capacity, Plaintiff respectfully clarifies that Defendant Walker is sued in both his individual and official capacities.

Sovereign immunity does not bar claims against a state official in his individual capacity for actions taken under color of state law.

Accordingly, dismissal on sovereign immunity grounds is inappropriate.

C. QUALIFIED IMMUNITY CANNOT BE RESOLVED ON THE PRESENT RECORD

Defendant Walker also asserts qualified immunity.

Qualified immunity is not automatically available merely because a warrant was obtained.

Plaintiff alleges that lawful hemp was treated as illegal marijuana and seized despite compliance with applicable hemp laws.

Plaintiff further alleges that compliance records and Certificates of Analysis existed and that government agencies possessed information demonstrating that Plaintiff was operating lawfully.

Whether Defendant Walker reasonably relied upon information available to him, whether probable cause existed, what information was included or omitted from warrant materials, and whether lawful hemp was improperly treated as contraband are factual questions not suitable for resolution on a motion to dismiss.

Discovery is necessary before those issues can be fairly adjudicated.

## D. DISMISSAL IS INAPPROPRIATE BECAUSE PLAINTIFF SHOULD BE PERMITTED TO AMEND

Even if the Court determines that any aspect of the Amended Complaint is deficient, dismissal with prejudice would be inappropriate.

Plaintiff has already moved for leave to file a Second Amended Complaint and can provide additional factual detail regarding:

Defendant Walker's involvement;
The existence of compliance documentation;
The continuing nature of Plaintiff's injuries;
Subsequent governmental actions affecting Plaintiff's business;
The basis for equitable tolling and related issues.

Federal courts generally favor resolving cases on their merits rather than through technical pleading deficiencies.

Accordingly, if the Court finds any pleading deficiency, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

## E. THE STATUTE OF LIMITATIONS ISSUE SHOULD NOT BE RESOLVED ON THE PRESENT RECORD

Defendant Walker argues that all claims are barred by the statute of limitations.

Plaintiff respectfully submits that dismissal on limitations grounds is premature.

The Complaint alleges continuing damages, continuing reputational injury, continuing business losses, and ongoing governmental interference affecting Plaintiff's business operations.

Plaintiff further intends to supplement the record through amendment regarding facts relevant to accrual, equitable tolling, delayed discovery of material facts, and continuing injuries.

Because the factual record has not yet been developed, dismissal based solely upon the statute of limitations is inappropriate at this stage.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant Robert Walker's Motion to Dismiss be DENIED.

In the alternative, Plaintiff respectfully requests leave to further amend her pleadings rather than dismissal with prejudice.

**Respectfully submitted,**


**Dana Emmitt Steadman
a.k.a. Dana Emmitt Hall
2820 Bon Ayr Road
Park City, Kentucky 42160
Plaintiff, Pro Se**


**Plaintiff, Pro SeRespectfully submitted,**


**Dana Emmitt Steadman
Plaintiff, Pro Se
2820 Bon Ayr Road
Park City, KY 42160
270-670-4000
Dana52171@gmail.com**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Motion was filed through the Court's CM/ECF system and served upon all counsel of record.

**Dana Emmitt Steadman
Plaintiff, Pro Se**